No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

IN RE RICHARD DRUMMOND

---

On Petition for a Writ of Mandamus to the United States District Court
for the Southern District of Texas in *United States ex rel. Richard Drummond v.
BestCare Laboratory Services LLC and Karim A. Maghareh*,
Case No. 4:08-cv-02441, Judge Lynn Hughes

---

**PETITION FOR A WRIT OF MANDAMUS**

Mitchell R. Kreindler
KREINDLER & ASSOCIATES
9219 Katy Freeway, Suite 206
Houston, Texas 77024-1514
mkreindler@blowthewhistle.com
T 713.647.8888
F 713.647.8889

ATTORNEY FOR PETITIONER
RICHARD DRUMMOND

# CERTIFICATE OF INTERESTED PERSONS

*In re* Richard Drummond

The undersigned counsel of record certifies that the following listed persons and entities as described in Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Party | Attorney(s) |
|---|---|
| Richard Drummond | Mitchell R. Kreindler<br>Kreindler & Associates |
| The United States of America | Michelle Zingaro<br>Assistant U.S. Attorney<br>Richard S. Nicholson<br>Civil Division – U.S. Dept. of Justice |
| Bestcare Laboratory Services LLC | Eric J.R. Nichols<br>Michael E. Richardson<br>Beck*Redden LLP<br>Jon D. Stephenson<br>Jon Stephenson Law, P.C. |
| Karim A. Maghareh | John Zavitsanos<br>Douglas Salisbury<br>Ahmad, Zavitsanos, Anaipakos,<br>Alavi & Mensing P.C. |

Mitchell R. Kreindler

COUNSEL FOR PETITIONER
RICHARD DRUMMOND

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner Richard Drummond waives oral argument, although he will be happy to participate in argument should the Court determine that it would be helpful to its resolution of the Petition.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    Relief Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.   Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.   Statement of Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.    The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            1.    Relator Richard Drummond, Ph.D.. . . . . . . . . . . . . . . . . . . . 10

            2.    United States of America . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            3.    BestCare Laboratory Services LLC . . . . . . . . . . . . . . . . . . . 10

            4.    Karim A. Maghareh . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      B.    The District Court Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            1.    Partial Summary Judgment Was Entered in 2014
                  and Additional Motions For Partial Summary
                  Judgment Have Been Pending Since that Time . . . . . . . . . . . 11

            2.    Drummond And The United States Have
                  Encouraged The District Court To Resolve
                  the Pending Motions And The Case . . . . . . . . . . . . . . . . . . . 16

V.      Legal Standards and Reasons Why the Writ Should Issue. . . . . . . . . . . . . . 19

VI.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Compliance with Rule 32(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

# TABLE OF AUTHORITIES

**Cases** <span style="float:right">**Page(s)**</span>

*Cheney v. United States Dist. Court for Dist. of Columbia,* 542 U.S. 367,
  124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) . . . . . . . . . . . . . . . . . . . . . . . 20, 22

*Ex Parte Fahey*, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947) . . . . . . . . . . 20

*In re Baldwin*, 700 F.3d 122 (3rd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*In re Hood,* 135 Fed. Appx. 709 (5th Cir. 2005) . . . . . . . . . . . . . . . . . 20, 21, 22, 23

*In re School Asbestos Litig*., 977 F.2d 764 (3rd Cir. 1992) . . . . . . . . . . . . . . . . . . 21

*In re Scott*, 163 F.3d 282 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In re Thomas*, 438 Fed.Appx. 137 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 20

*In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) . . . . . . . . . . . 22

*In re United States*, 397 F. 3d 274 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Insurance Co. v. Comstock*, 83 U.S. (16 Wall.) 258, 21 L.Ed. 493 (1872) . . . . . . 19

*Jackson v. Shinseki*, 338 Fed. Appx. 898 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . 20

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . 20

*Madden v. Myers*, 102 F.3d 74 (3rd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*McClellan v. Young*, 421 F.2d 690 (6th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . 20

*Paluck v. Secretary of Health and Human Services*, 111 Fed.Cl. 160
  (Ct. Fed. Cl. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Ribaudo v. Nicholson,* 20 Vet. App. 552 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Cases (cont'd)** **Page(s)**

*Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 63 S.Ct. 938,
   87 L.Ed. 1185 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*State Farm Mut. Auto Ins. Co. v. Scholes,* 601 F.2d 1151 (10th Cir. 1979); . . . . . 20

*Texas v. United States*, 679 Fed. Appx. 320 (5th Cir. 2017) . . . . . . . . . . . . . . . . 21

*Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 98 S.Ct. 2552,
   57 L.Ed.2d 504 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) . . . . . . . 19

**Statutes** **Page(s)**

False Claims Act, 31 U.S.C. § 3729 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

All Writs Act, 28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Other Authorities** **Page(s)**

Fed. R. Civ. P. 16(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

LR 61.1 (S.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# I. RELIEF SOUGHT

In this False Claims Act *qui tam* case, relator Richard Drummond ("Drummond") respectfully petitions for a writ of mandamus directing the United States District Court for the Southern District of Texas to adopt measures that will promptly resolve this 9-year old case, including (1) ruling within 30 days on 3-year-old motions for partial summary judgment (and entering final judgment), and (2) if necessary, scheduling within an additional 14 days a conference at which appropriate discovery deadlines, pretrial deadlines and a trial date will be established.

# II. ISSUE PRESENTED

Whether undue delay occasioned by the district court's years-long failure to adjudicate pending motions for partial summary judgment and establish a schedule to resolve the case warrants the issuance of a writ of mandamus to compel action by the district court.

# III. PRELIMINARY STATEMENT

This Petition involves a *qui tam* case filed on August 8, 2008 pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*. Pending motions for partial summary judgment were filed on March 18, 2014 (Dkt. 96) and April 25, 2014 (Dkt. 102).[1] The Court conducted a hearing on the fully-briefed motions on November 12, 2014. An

---

[1]    The district court docket sheet is appended as Exhibit A.

additional motion for partial summary judgment was filed on May 20, 2016 (Dkt. 160). The district court has neither ruled on the pending motions (Dkts. 96, 102, 160) nor established a discovery, pretrial or trial schedule for adjudicating the case.

Drummond (and co-plaintiff the United States) have respectfully and repeatedly encouraged the district court to decide the pending motions or establish a trial date. The case has now been pending for over nine years, and it is approaching three and one-half years that two of the summary motions have been pending.

Although the district court awarded Drummond and the United States a partial summary judgment of $10.6 million on August 21, 2014, that judgment is not final and can be neither appealed nor enforced. With no appealable judgment and none ostensibly forthcoming, Drummond and the United States have no means to obtain relief absent issuance of a writ of mandamus.

Drummond's right to a resolution of the pending motions and case is indisputable. Neither Drummond nor the United States can achieve this relief through the ordinary trial process due to the delay and the lack of any timetable for resolution. The district court's undue delay in adjudicating the motions and case are tantamount to a failure to exercise its jurisdiction in this matter and warrants the exceptional relief of mandamus.

# IV.   STATEMENT OF RELEVANT FACTS

## A.   The Parties

### 1.   Relator Richard Drummond, Ph.D.

Dr. Drummond has owned or operated clinical laboratories for the past 30 years. A citizen of the United States and resident of the State of Texas, Dr. Drummond received his doctorate in biochemistry from the University of Texas Medical Branch. He filed this *qui tam* action after he discovered that the defendants had defrauded government-funded health insurance programs of tens of millions of dollars.

### 2.   United States of America

The United States has intervened in this *qui tam* action and is the real party in interest.

### 3.   BestCare Laboratory Services LLC

Defendant BestCare Laboratory Services LLC ("BestCare") is BestCare is CLIA-certified clinical laboratory that provides diagnostic testing services to clients, including patients living in nursing homes, throughout the State of Texas. The laboratory is based in the Houston suburb of Webster, Texas, and provides services in the San Antonio, Dallas/Ft Worth, Austin and Houston metropolitan areas.

### 4. Karim A. Maghareh

Karim A. Maghareh ("Maghareh") is President and Chief Executive Officer of BestCare, which he co-owns with his wife. Maghareh is responsible for BestCare's overall and day-to-day operations. He is a citizen of the United States and a resident of the State of Texas.

### B. The District Court Proceedings

#### 1. Partial Summary Judgment Was Entered in 2014 and Additional Motions For Partial Summary Judgment Have Been Pending Since that Time

On August 8, 2008, Drummond filed this case against BestCare and Maghareh, alleging that defendants violated the False Claims Act by fraudulently collecting millions of dollars from the United States and State of Texas by submitting false claims for exorbitant mileage reimbursements, specimen collections they did not perform and handling fees to which they were not entitled. After an extensive investigation, which included direct negotiations with the defendants, the United States partially intervened in the action on September 16, 2011 (Dkt. 12) and filed its Complaint In Intervention on November 21, 2011. (Dkt. 14). On December 13, 2011, the State of Texas filed its notice of declination (Dkt. 24).

The proceedings before the district court have focused on allegations that defendants improperly billed government-funded health insurance programs for mileage

reimbursements. Medicare pays a diagnostic laboratory prorated travel costs, based upon miles actually traveled, for its laboratory technician to collect a specimen from a nursing home patient and transport the specimen back to the laboratory. No travel allowance is made when the technician merely performs a messenger service to pick up a specimen drawn by a physician or nursing home personnel. In this case, defendants billed Medicare for millions of miles that no one actually traveled, including *round-trip* mileage for specimens that were shipped *one-way* as unaccompanied cargo. They also failed to prorate mileage charges among all patients at a single nursing home location.

Defendants filed a motion to dismiss on December 12, 2011 (Dkt. 20), which was denied by the district court on June 4, 2012 (Dkt. 35). On August 7, 2012, the United States, working with Drummond, filed its first motion for partial summary judgment (Dkt. 45). On February 21, 2013, the parties participated in an unsuccessful court-ordered mediation (*see* Dkt. 58). On September 17, 2013, defendants filed a motion for summary judgment (Dkt. 76).

On September 27, 2013, following the prior day's hearing (Dkt. 78), the district court issued a "Management Order" that (1) summarily denied the pending motions for summary judgment, (2) addressed certain discovery issues, and (3) permitted the United States to move for partial summary judgment "on all of its claims except those

based on fraud" by October 25, 2013, and (4) permitted BestCare to move for summary judgment by November 22, 2013 (Dkt. 79).

Subsequently, five motions for summary judgment were filed:

| Filing Date | Docket | Motion |
|---|---|---|
| Oct. 25, 2013 | 87 | United States' motion for partial summary judgment for unjust enrichment |
| Nov. 22, 2013 | 91 | Defendants' motion for summary judgment on all claims |
| Mar. 18, 2014 | 96 | United States' motion for partial summary judgment under the False Claims Act |
| Apr. 25, 2014 | 102 | Defendants' motion for partial summary judgment under the "public disclosure" provision of the False Claims Act |
| May 20, 2016 | 160 | United States' motion for partial summary judgment establishing Maghareh's personal liability |

On August 21, 2014, the district court entered an opinion (Dkt. 107) (appended as Exhibit B) and order (Dkt. 108) (appended as Exhibit C), granting the United States' motion for partial summary judgment for unjust enrichment (Dkt. 87) and denying Defendants' motion for summary judgment on all claims (Dkt. 91).

In his opinion granting the United States partial judgment, Judge Hughes found that BestCare "billed the people of the United States of America more than $10.6 million in travel expenses that it did not incur." Dkt. 107 at ¶ 1. He described defendants' scheme by saying that BestCare billed "for each specimen's trip from

Dallas, San Antonio, and El Paso even though its workers did not accompany the specimens. It wants to be paid, in other words, for travel expenses that its workers did not incur." *Id.* at ¶ 4.

Judge Hughes also found that defendants failed to prorate mileage charges among multiple patients, noting, "BestCare also billed for each specimen separately by calculating the maximum number of miles that its worker could have theoretically driven to retrieve them. In reality, the worker retrieved many specimens in a single trip. He did not travel back to the laboratory after collecting each specimen." *Id.*

Refuting BestCare's "argument that would embarrass a middle-school debater," the district court further found that

> BestCare has intentionally requested reimbursement for expenses it has not incurred, nor paid. Its principals banked on Medicare's poor management of our money and program. It worked for awhile — until a citizen complaint.

*Id.* The district court also made clear that its decision only addressed the 'tip of the iceberg' of Defendants' wrongdoing:

> This opinion addresses a fraction of the transgressions in this case. To simplify the facts about what BestCare's workers did with the specimens, the court has considered only bills for over 400 miles of travel — the most egregious cases.

*Id.* at ¶ 5. Although the district court entered a $10.6 million partial judgment against the defendants for mistaken payment and unjust enrichment (Dkt. 107 at 2), its opinion

left little doubt that defendants' intentional actions met the standard for fraud and violated of the False Claims Act.

Following entry of partial summary judgment in favor of the United States, the district court held a hearing on the then-pending summary judgment motions (Dkts. 96, 102) on November 12, 2014 (Dkt. 111).

Although defendants and their rotating roster of lawyers have continued to attack the court's non-final opinion and order, Judge Hughes reaffirmed its vitality on October 20, 2016, denying defendants' efforts to seek reconsideration. *See* Dkt. 185 ("This case has gone on for over eight years. BestCare has run through three sets of lawyers. In succession, they have presented new theories, none of which has had any merit except delay. BestCare and Maghareh's motion for reconsideration will be denied").[2]

---

[2]  On June 9, 2015, Defendant Maghareh filed a motion for reconsideration (Dkt. 123) of the portion of the partial summary judgment granted by the district court that found him personally liable to the government for its unjust enrichment and mistaken payment claims. On March 25, 2016, the district court granted Defendants' motion, agreeing to reconsider Maghareh's personal liability but declining to reconsider the calculation of the $10.6 million partial summary judgment (Dkts. 153, 154). The district court invited the United States to move for partial summary judgment on Maghareh's personal liability by May 20, 2016 (*Id.*). On that date, the United States filed is motion for partial summary judgment establishing Maghareh's personal liability (Dkt. 160). On June 3, 2016, Defendants filed a second motion for reconsideration attacking the entire partial judgment awarded by the district court (Dkt. 164). On October 20, 2016, the district court issued its opinion and order denying reconsideration. On January 31, 2017, the district court clarified that its opinion and order denying reconsideration (Dkts. 184, 185) applied only to Dkt. 164 (Dkt. 187).

### 2. Drummond And The United States Have Encouraged The District Court To Resolve the Pending Motions And The Case

Although the district court has, at times, ordered certain discovery to take place (Dkts. 79, 85, 144, 155, 170), it has never issued a scheduling order, as required by the Federal Rules of Civil Procedure and the district court's local rules. *See* Fed. R. Civ. P. 16(b)(3)); LR 61.1 ("A scheduling order setting cut-off dates for new parties, motions, expert witnesses and discovery, setting a trial date, and establishing a time framework for disposition of motions will be entered at the conference"). Drummond and the United States have repeatedly urged the district court to decide the pending motions for summary judgment and set a trial date. On July 10, 2015, Drummond filed a motion for a status conference "to seek the Court's assistance in advancing the progress of the case." Dkt. 129. On November 11, 2015, Drummond filed another motion for expedited decision or case management conference, asking the district court to "to expedite decisions on four pending motions or schedule a case management conference to discuss a schedule to address remaining discovery and a trial date." Dkt. 131 at 1. On March 1, 2016, the district court denied Drummond's July 10, 2015 motion (Dkt. 129) without prejudice. Dkt. 143. The November 11, 2015 motion (Dkt. 131) motion was never ruled upon.

Subsequently, the district court held two hearings, one on March 23, 2016 and

another on September 29, 2016. The March 23 hearing was devoted largely to defendants' motion to reconsider the district court's prior ruling and related discovery, but the minute entry for the September 29 hearing indicates "[a]rgument heard on all pending motions." Dkt. 177.

On January 18, 2017, Drummond and the United States jointly filed a request for a status conference seeking, among other things, to "address issues relating to the United States' pending motion for partial summary judgment on its claims under the False Claims Act (Dkt. 96) and determine when the parties can expect to receive a ruling on the motion" and "discuss a scheduling order to provide for limited additional discovery and establish a trial date." Dkt. 186 at 1. The district court granted that motion, setting a conference for March 2, 2017 (Dkt. 188), but then granted three continuances, finally rescheduling the conference for June 21, 2017 (Dkts. 192, 194, 196).

On June 8, 2017, Drummond filed with the Court a letter asking that the district court "expedite the resolution of this case." Dkt. 197 at 1 (attached as Exhibit D). Drummond's letter described the significant impact that the delay has had on the market that Defendants serve, noting that "[s]ince this case was filed, no fewer than six competitor laboratories have left the market, allowing BestCare to grow, despite the Court's $10.6 million judgment." *Id.* Drummond claimed that the "delay in resolving

this case has undeniably benefited the defendants at the expense of law-abiding competitors." *Id.* at 2. He continued:

> With no final, enforceable judgment, and none in sight, the prejudice created by delay brings to mind the legal maxim that "justice delayed is justice denied." The relator's and government's right to resolution of this case, through summary adjudication or trial, is indisputable. Should the Court be unable to resolve the pending motions or establish a firm trial date within the next 45 days, Dr. Drummond believes he has no realistic recourse to achieve justice other than to seek a writ of mandamus from the Court of Appeals.

*Id.*

On June 21, 2017, the district court convened a conference at which the pending motions for summary judgment were again discussed. *See* Dkt. 198 (Civil Courtroom Minutes).[3] The district court implied that rulings on pending motions would soon follow. Despite the passage of more than three months, no further activity has taken place in the case.[4]

---

[3] During the hearing, counsel for the United States represented to the district court that granting the government's motion for partial summary judgment (Dkt. 96) could effectively resolve the case, because the United States might likely dismiss its remaining claims. Relator would pursue a similar course.

[4] To assist the Court's consideration of this Petition, Drummond has included as Exhibit E a list of the three pending summary motions and their related briefing.

## V.   LEGAL STANDARDS AND
## REASONS WHY THE WRIT SHOULD ISSUE

Pursuant to the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The peremptory writ of mandamus has traditionally been used in federal courts "'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), *quoting Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). The Supreme Court has established that mandamus "will lie in a proper case to direct a subordinate Federal Court to decide a pending cause." *Insurance Co. v. Comstock*, 83 U.S. (16 Wall.) 258, 270, 21 L.Ed. 493 (1872); *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978).

Although lower courts generally have discretion with regard to their dockets, "where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'" *Will v. Calvert Fire Ins. Co.*, 437 U.S. at 661-62, *quoting Insurance Co.*, 83 U.S. (16 Wall.) at 270. "[A]n appellate

court may issue a writ of mandamus when an undue delay in adjudication is 'tantamount to a failure to exercise jurisdiction.'" *Paluck v. Secretary of Health and Human Services*, 111 Fed.Cl. 160, 167 (Ct. Fed. Cl. 2013), *quoting In re Thomas*, 438 Fed.Appx. 137, 138 (3rd Cir. 2011), *quoting Madden v. Myers*, 102 F.3d 74, 79 (3rd Cir. 1996); *see In re Hood*, 135 Fed. Appx. 709, 710 (5th Cir. 2005); *In re United States*, 397 F. 3d 274, 282 (5th Cir. 2005)*; In re Baldwin*, 700 F.3d 122, 126 (3d Cir. 2012); *In re Thomas*, 438 Fed.Appx. 137, 138 (3rd Cir. 2011) ("we may issue a writ of mandamus in response to undue delay"); *Johnson v. Rogers*, 917 F.2d 1283, 1284-85 (10th Cir. 1990)*; State Farm Mut. Auto Ins. Co. v. Scholes,* 601 F.2d 1151, 1154 (10th Cir. 1979); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970). Put another way, delay may "give rise to a right to mandamus [if] the delay is equivalent to an arbitrary refusal to act." *Jackson v. Shinseki*, 338 Fed. Appx. 898, 901-902 (Fed. Cir. 2009), *citing Ribaudo v. Nicholson,* 20 Vet. App. 552, 555 (2007).

Drummond recognizes that mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380, 124 S.Ct. 2576, 2586, 159 L.Ed.2d 459 (2004), *quoting Ex Parte Fahey*, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). This Court has determined that this extraordinary remedy "'is appropriate only when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the

trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court.'" *In re Hood,* 135 Fed. Appx. 709, 710 (5th Cir. 2005), *quoting In re United States*, 397 F. 3d 274, 282 (5th Cir. 2005). To demonstrate that such relief is appropriate,

> [t]hree requirements must be satisfied "before a writ will issue: (1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."

*Id.* at 710-11, *quoting In re United States*, 397 F. 3d 274, 282 (5th Cir. 2005).

More recently, this Court has noted, "If a district court unreasonably delays in ruling on a motion, mandamus relief requiring a prompt ruling may be available." *Texas v. United States*, 679 Fed. Appx. 320, 323 n.2 (5th Cir. 2017), *citing In re Scott*, 163 F.3d 282, 283-84 (5th Cir. 1998) (per curiam) and *In re School Asbestos Litig*., 977 F.2d 764, 792 (3d Cir. 1992). In *In re School Asbestos Litigation,* the Third Circuit convened to "consider whether a writ of mandamus is a proper remedy when a district judge arbitrarily refuses to rule on a summary judgment motion, and we conclude that it is." *In re School Asbestos Litig*., 977 F.2d at 792.

In *Hood*, this Court found that petitioner had satisfied the three requirements necessary to justify issuance of a writ after the district court failed to enter a final,

appealable order seven months after entering summary judgment in the case. 135 Fed. Appx. at 711. The Court, however, held the matter in abeyance "trusting the district judge's representation that he will address the matters referred to in the petition for writ of mandamus by the end of this week." *Id.*

In the present action, the district court's delay is significantly more egregious than in *Hood*. The case has been pending for over nine years. The district court entered a $10.6 million partial summary judgment in favor of the United States and Drummond on August 21, 2014 (Dkts. 107, 108). Since that time, it has denied plaintiffs any opportunity to obtain a final judgment by declining to adjudicate the pending motions for partial summary judgment and not providing a schedule for resolution of the case by trial. Absent action by the district court that the Petitioner seeks to compel here, Drummond and the United States have no means to obtain the relief sought by this False Claim Act suit.

Although litigants ordinarily must wait for a final judgment to seek relief from this Court, "the 'no other means' requirement is not intended to ensure that [a petitioner] exhaust every possible avenue of relief at the district court before seeking mandamus relief. . . . Rather, the purpose . . . is to 'ensure that the writ will not be used as a substitute for the regular appeals process." *In re TS Tech United States Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008), *quoting Cheney*, 542 US. at 380-81.

Here, Drummond seeks not to substitute this Petition for the ordinary trial or appellate processes, but simply to obtain adjudication and relief to which he and the United States are entitled in a meaningful and reasonable time in the face of excessive and prejudicial delay. Like the petitioner in *Hood*, Drummond (as well as the United States) has no means of attaining relief absent action by the district court. Drummond (as well as the United States) has a clear and indisputable right to have the district court effectively exercise jurisdiction over the case. The district court's 3-plus year delay in adjudicating pending motions for summary judgment and failure to enter an appropriate schedule for resolving this case is tantamount to an arbitrary refusal to act that warrants issuance of a writ of mandamus.

The district court's delay in acting on the pending motions for summary judgment or moving the case toward trial has caused prejudice to Drummond and the United States that cannot be remedied through regular trial or appellate processes. The delay has permitted Defendants to continue building their laboratory business on an unlevel playing field, one where they possess a multimillion dollar capital advantage in an industry with exceedingly slim profit margins. *See* Dkt. 197 (Exhibit D). Consequently, Defendants' multimillion dollar fraud has given it tremendous market advantages. Defendants have translated that "fraud capital" into growth at the expense of companies that played by the rules and did not have the benefit of millions of dollars

in extra funds. *Id.* Since this case was filed, no fewer than six competitor laboratories have left the market, allowing Defendants to grow, despite the Court's $10.6 million judgment. The delay in resolving this case has undeniably benefited the Defendants at the expense of law-abiding competitors. *Id.*

Moreover, Drummond and the United States have respectfully encouraged the Court to resolve the pending motions without success. *See* Dkt. 129 (seeking "the Court's assistance in advancing the progress of the case"); Dkt. 131 (*Relator's Motion for Expedited Decision or Case Management Conference*, asking "the Court to expedite decisions on four pending motions or schedule a case management conference to discuss a schedule to address remaining discovery and a trial date"); Dkt. 186 (*United States' and Relator's Request for Status Conference and Clarification of Order*, seeking, in part, to "discuss a scheduling order to provide for limited additional discovery and establish a trial date"). With no final, enforceable judgment, and none in sight, the prejudice created by delay brings to mind the legal maxim that "justice delayed is justice denied." The relator's and government's right to resolution of this case, through summary adjudication or trial, is indisputable. As a result, issuance of the writ is appropriate.

# VI. CONCLUSION

The undue delay occasioned by the district court's years-long failure to adjudicate pending motions for partial summary judgment (Dkts. 96, 102, 160) and establish a schedule to resolve the case warrants the issuance of a writ of mandamus compelling the district court to promptly rule on the pending motions and, if judgment is not appropriate, adopt measures that will timely resolve this case.

Respectfully submitted,

Mitchell R. Kreindler
KREINDLER & ASSOCIATES
9219 Katy Freeway, Suite 206
Houston, Texas 77024-1514
mkreindler@blowthewhistle.com
713.647.8888

COUNSEL FOR PETITIONER
RICHARD DRUMMOND

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of October 2017, copies of Relator Richard Drummond's Petition for a Writ of Mandamus were served upon all counsel of record in *United States ex rel. Richard Drummond v. BestCare Laboratory Services LLC and Karim A. Maghareh*, Case No. 4:08-cv-02441 (S.D. Tex.), after the Petition was filed electronically in that case and service was accomplished automatically through the Notice of Electronic Filing (NEF) issued by the district court's Electronic Case Filing (ECF) System. In addition, a copy of the Petition was provided to the trial court judge, The Honorable Lynn Hughes, via U.S Mail.

Mitchell R. Kreindler

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

     1.    This brief complies with the type-volume limitation of FED. R. APP. P. 21(d)(1) because it contains 4,087 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

     2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect (version X8) and a 14-point, Times New Roman font.

     Signed and certified on this 2nd day of October 2017.

_____
Mitchell R. Kreindler

COUNSEL FOR PETITIONER
RICHARD DRUMMOND